| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>FLORIO, PERRUCCI, STEINHARDT,<br>CAPPELLI, TIPTON & TAYLOR, LLC<br>Kerry Cahill, Esquire<br>235 Broubalow Way<br>Phillipsburg, NJ  08865<br>Phone:    (908) 454-8300<br>Facsimile: (908) 454-8623<br>Email: kcahill@floriolaw.com<br><br>*Attorneys for Delaware River Joint Toll Bridge Commission* | |
| In Re:<br><br>ANTHONY C. CURTO, JR. & VERONICA CURTO,<br>　　　　　　　　　Debtors | Case No.:　　　　20-14300 (VFP)<br><br>Chapter:　　　　11 |

Creditor, Delaware River Joint Toll Bridge Commission ("DRJTBC") by and through its counsel, Kerry Cahill, Esq., of Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, hereby objects to Debtors' plan of reorganization under Chapter 11 of the Bankruptcy Code filed July 31, 2020. DRJTBC's Objection includes, but is not limited to the following:

### I.    THE PROPOSED PLAN DOES NOT INCLUDE DRJTBC'S CLAIM.

Debtors' proposed Chapter 11 Plan fails to properly identify and treat the DRJTBC's $40,000.00 claim. (See Claims Register, Claim Number 1). Per the Court's Notice of Chapter 11 Bankruptcy Case, the Deadline for a governmental unit to file a proof of claim is September 8, 2020.

The Commission filed a lien against the Debtor's property in the amount of $3,732.62 on September 22, 2010 in the Warren County Clerks office in Deed Book 428, Page 111 et. Seq. This lien secured the Commission's claim against the Debtor's principle residence. Pursuant to

11 U.S.C. 1322(b)(2), the Chapter 13 Plan may "modify the rights of holders of secured claims, <u>other than a claim secured only by a security interest in real property that is the debtor's principal residence</u>" (emphasis added). Since the Debtor's Plan as proposed should be denied.

## II.    THE PROPOSED PLAN DOES NOT PROVIDE FOR ONGOING POST PETITION PAYMENTS TO THE COMMISSION.

1. The Debtor's Chapter 13 Plan (the "Plan") does not provide for ongoing post-petition monthly maintenance fee and assessment payments to the Commission, The Debtor, as a unit owner at Georgian Townhouse Commission, Inc., is obligated to pay monthly maintenance assessments and other fees to the Commission. The debt owed to the Commission is so unique and important that in many cases, it is deemed non-dischargeable. See, 11 U.S.C.A. 523(a)(16). The Commission is a non-profit corporation that operates the common property. Its only source of income is payment by each homeowner of their proportionate share of the Commission's expenses. If a homeowner does not pay, either the Commission does not have the funds necessary to maintain the common property or the other homeowners in the community must pay the shortfall caused by the delinquency. Since the Debtor's plan does not provide for payment of monthly maintenance fees to the Commission, the Debtor's Plan as proposed is not feasible and should be denied.

Wherefore, the Commission respectfully requests that the Court deny confirmation of Debtor's proposed plan.

Dated this 3rd day of September 2020.        **Florio, Perrucci, Steinhardt,**
                                             **Cappelli, Tipton & Taylor, LLC.**


                                             /s/*Kerry Cahill*
                                             By: Kerry Cahill, Esq.
                                             Attorneys for The Delaware River Joint
                                             Toll Bridge Commission.

{00877998.DOCX v.1}